HIRAM A. LUSK, TRUSTEE, v. ZACHARIAH H. RIGGS ET AL.

FILED JUNE 18, 1902.   No. 11,997.

Commissioner's opinion, Department No. 2.

1. **Fraudulent Transfer:** CONSIDERATION: BURDEN OF PROOF. When a debtor in failing circumstances makes transfers of his property to near relatives the burden of proving a sufficient consideration and good faith in the transfer is upon the defendants.

2. ———: ———: ———: CREATION OF CORPORATION: TRANSFER TO CORPORATION. The same rule applies, where the debtor, when in failing circumstances, organizes a corporation composed of himself and near relatives, and conveys all of the assets of his insolvent estate to such corporation, and then, as the alleged managing officer of such corporation, reconveys the same property to another near relative in the name of the corporation.

3. **Conflicting Evidence.** A judgment of the trial court on evidence fairly conflicting, will not be disturbed by this court.

4. **Assignments of Error:** EXCLUSION OF TESTIMONY: TENDER OF PROOF. Assignments of error based on the exclusion of testimony are unavailing, unless when the ruling was made the party complaining made a tender of the proof he expected to elicit. *Union P. R. Co. v. Vincent,* 58 Nebr., 171, followed.

ERROR from the district court for Clay county. Tried below before HASTINGS, J. *Affirmed in part.*

*J. L. Epperson & Sons,* for plaintiff in error.

*Thomas H. Matters,* contra.

Oldham, C.

This was an action in the nature of a creditors' bill, originally instituted by the Citizens' Bank of Fairfield, Nebraska, for the purpose of canceling certain alleged fraudulent conveyances of real estate executed by Zachariah H. Riggs and William T. Cornelison for the alleged purpose of hindering and defrauding their creditors. During the pendency of the action Riggs and Cornelison were each adjudged bankrupt, and Hiram A. Lusk, trustee in bankruptcy of the estates of said Riggs and Cornelison, was substituted, by leave of the lower court, as plaintiff in this cause of action, instead of the Citizens' Bank of Fairfield. The petition filed in the lower court was in the ordinary form of a creditors' bill. It alleged the insolvency of Riggs and Cornelison and the procuring of a judgment by the Citizens' Bank of Fairfield against the defendants on the 8th day of December, 1898, in the district court for Clay county, in the sum of $1,404.38, the issue of an execution on the said judgment, and the return of the execution *nulla bona*. The petition also alleges that the defendants Riggs and Cornelison were engaged in the mercantile business as a copartnership at the time the indebtedness on which the judgment was procured was contracted to the said bank, and that the said firm organized and conveyed all its property to the Fairfield Grocery Company, a corporation, to defraud its creditors. It then proceeds to allege against the fraudulent nature of each of the conveyances which it seeks to have canceled. Each of the defendants filed separate answers to this petition, alleging the bona fides of the various transfers, and denying fraud in the transactions. There was trial to the court and judgment for the defendants, and plaintiff brings error to this court.

There is no dispute about the fact that for several years before the transfers complained of in this cause of action, the main defendants, Zachariah H. Riggs and William T. Cornelison, were engaged in the mercantile business in

Fairfield as a partnership firm, and that the indebtedness on which the judgment at issue was procured was contracted long before the attempted formation of the Fairfield Grocery Company; nor is there any dispute about the fact that all the partnership assets of the firm of Riggs & Cornelison were transferred to this corporation on or about the 7th day of June, 1898.

The first transfer which we shall examine is that of the west half of the northwest quarter of section 33, township 5 north, of range 7 west, of the sixth principal meridian in Clay county, Nebraska. This is an eighty-acre tract of land, which prior to the 4th day of June, 1898, the defendant William T. Cornelison owned subject to a mortgage of $800, against the bona fides of which there is no allegation. On the 4th day of June, 1898, this piece of land was conveyed by warranty deed from William T. Cornelison and wife, for an alleged consideration of $1,800, to the Fairfield Grocery Company, a corporation organized by William T. Cornelison and Sallie R. Cornelison, his wife, Zachariah H. Riggs and Lucy S. Riggs, his wife, and W. T. Gordon, brother of Lucy S. Riggs. The articles of incorporation of this company were never filed in the office of the secretary of state, and were not filed in the office of the county clerk of Clay county until the 7th day of June, 1898. The entire mercantile stock of Riggs & Cornelison was transferred to this concern, and by these transfers and the transfers of real estate from Riggs to his wife which will be hereinafter considered, the firm and each of its members was rendered absolutely insolvent, and no provision was made for the payment of the debt to the Citizens' Bank of Fairfield, on which judgment was subsequently rendered, although this indebtedness had been in existence long prior to any of these transfers. On the 14th day of December William T. Cornelison, styling himself "Manager of the Fairfield Grocery Company," for an alleged consideration of $2,000 conveyed this tract of land to his father, Edward R. Cornelison. This was substantially all the evidence introduced to support the al-

legations of fraud in plaintiff's petition against these transfers. Defendants offered no evidence to explain or attempt to show the good faith of these transfers, but rested on the proposition that this showing was insufficient to raise a presumption of fraud, because, as the defendant contends, the Fairfield Grocery Company, which made the transfer to Edward R. Cornelison, was not a near relative of the grantee in the said conveyance, and therefore the law would presume good faith instead of a fraudulent intent in this conveyance. The learned trial court sustained this view, and, at the close of plaintiff's testimony, dismissed the bill as to each of these transfers. In this we think the court erred. This Fairfield Grocery Company, composed, as it was, of the firm of Riggs & Cornelison, their two wives and a wife's brother, appears to us as nothing but a false face which the firm of Riggs & Cornelison, in the hour of its financial distress, put on to disguise its identity, and evade an officer who might come seeking property on which to levy a writ of attachment or an execution on a judgment rendered on the claim of one of the firm's creditors. It is the rule that when transfers, like these in the case at bar, have been made between near relatives, the burden is on the defendants to show sufficient consideration and good faith in the transactions. *Nat. Bank of Commerce v. Chapman,* 50 Nebr., 484; *Plummer v. Rummel,* 26 Nebr., 142. There is every reason why this rule should be applied in its most rigid exactions where the debtor, when in failing circumstances, instead of transfering his property directly to his father, first conveys all the assets of his insolvent estate to an alleged corporation, composed of none but himself and his near relatives, and then as the managing officer of such a corporation makes a conveyance of the same property to his father in the name of the corporation. Unless such a transaction as this is fully explained on principles entirely consistent with the policy of honesty and fair dealing it wears a guilty expression in the presence of a chancellor. The learned trial court excluded all inquiry into the or-

ganization and conduct of the business of this corporation. This, we think, he should not have done. This body corporate looks so like a creature "conceived in sin and brought forth in iniquity" that the broad searchlight of investigation should have been turned on every fact and circumstance connected with its dubious birth and subsequent development.

The other conveyances were of certain town lots situated in the town of Fairfield and were made from Zachariah T. Riggs and wife to Sallie Cornelison, and from Sallie Cornelison and husband to Lucy Riggs, wife of Zachariah T. Riggs. In these cases the trial court properly held that the burden was on the defendants to show a sufficient consideration for and good faith of these transfers. It was conceded that the transfer from Riggs and wife to Sallie Cornelison was made without any consideration, and only for the purpose of having the property reconveyed to Lucy Riggs. But there was evidence introduced to show that these transfers were made in consideration of a bona-fide indebtedness existing between Zachariah T. Riggs and his wife. After a hearing of the testimony on the good faith of these transfers, the trial court found for the defendants; and, as there is much competent evidence in the record to sustain this finding, under the rule in force in this court it should not be disturbed.

Plaintiff in error complains of the action of the trial court in sustaining objections to questions which he propounded to his witnesses with reference to the value of the property conveyed in the transfers between defendants Riggs, but in neither instance did counsel for plaintiff follow up his question by making any offer to prove the facts sought to be drawn out by his question. Consequently these assignments of error are unavailing, for, as was said by this court in the case of *Union P. R. Co. v. Vincent*, 58 Nebr., 171: "Assignments of error based on the exclusion of testimony are unavailing, unless, when the ruling was made, the party complaining made a tender of the proof he expected to elicit."

It is therefore recommended that the judgment of the district court sustaining the validity of the transfer of William T. Cornelison and wife of the west half of the northwest quarter of section 33, township 5 north, of range 7 west, of the sixth principal meridian, in Clay county, Nebraska, to the Fairfield Grocery Company, and the transfer of said property from the Fairfield Grocery Company by William T. Cornelison, manager, to Edward R. Cornelison, be reversed, and the cause remanded for further proceedings on said transfers, and that the judgment of the district court sustaining the transfers of lot 2, block 16, of Fairfield, Nebraska, and lots 7 and 8, block 30, College Addition to Fairfield, Nebraska, from Zachariah T. Riggs and wife to Sallie Cornelison, and from Sallie Cornelison and husband to Lucy Riggs, be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court sustaining the validity of the transfer of William T. Cornelison and wife of the west half of the northwest quarter of section 33, township 5 north, of range 7 west, of the sixth principal meridian, in Clay county, Nebraska, to the Fairfield Grocery Company, and the transfer of said property from the Fairfield Grocery Company by William T. Cornelison, manager, to Edward R. Cornelison, be reversed, and the cause remanded for further proceedings on said transfers, and that the judgment of the district court sustaining the transfers of lot 2, block 16, of Fairfield, Nebraska, and lots 7 and 8, block 30, College Addition to Fairfield, Nebraska, from Zachariah T. Riggs and wife to Sallie Cornelison, and from Sallie Cornelison and husband to Lucy Riggs, be affirmed.

JUDGMENT ACCORDINGLY.